IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**ANTHONY MARQUIS THOMAS**                                                               **PLAINTIFF**

**v.**                                                                   **No. 1:21CV22-JMV**

**LEE COUNTY**
**SGT. SMOTHERMAN**                                                              **DEFENDANTS**

**ORDER *GRANTING* PLAINTIFF'S MOTION [31]**
**FOR RELIEF FROM JUDGMENT OR ORDER**

This matter comes before the court on the plaintiff's motion for reconsideration of the court's April 28, 2022, order [28] dismissing the instant case without prejudice for failure to prosecute and failure to comply with an order of the court. The plaintiff did not keep the court apprised of his current address, and the case was dismissed for that reason.

The court interprets the motion, using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion for relief from a judgment or order under Fed. R. Civ. P. 60. An order granting relief under Rule 60 must be based upon: (1) clerical mistakes, (2) mistake, inadvertence, surprise, or excusable neglect, (3) newly discovered evidence, (4) fraud or other misconduct of an adverse party, (5) a void judgment, or (6) any other reason justifying relief from the operation of the order. *Id.* The plaintiff alleges that he was released from the Lee County Jail and moved to his father's house. However, Thomas' father passed away; he became homeless and had no way of contacting the court. In addition, when he returned to the Lee County Jail, the mail room staff would not provide him with stamps in a timely fashion, and the processing of his legal mail has been extremely slow – all of which caused significant delay in keeping the court apprised of his current address.

These circumstances fall under Fed. R. Civ. P. 60(b)(6) – "any other reason that justifies

relief." As such, the plaintiff's request [31] for reconsideration is **GRANTED**:

(1) The Clerk of the Court is **DIRECTED** to **REINSTATE** this case to the court's active docket.

(2) The Clerk of the Court is also **DIRECTED** to **REINSTATE** the defendants' motion [25] for summary judgment.

(3) The Clerk of the Court is also **DIRECTED** to **MAIL** a copy of the motion [25] for summary judgment and its accompanying memorandum [26] to the plaintiff.

(4) The **DEADLINE** for the plaintiff to respond to the defendants' motion [25] is 21 days from the date of this order.

**SO ORDERED**, this, the 11th day of October, 2022.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE